UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON SPURLOCK,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES MANAGEMENT PARTNERS, LLC and JAMES E. PRUETT,<br><br>    Defendants. | CASE NO. 1:17-cv-00214 |

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

1. This is a class action brought by Plaintiff Shannon Spurlock, individually and on behalf of all others similarly situated, for statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.    PLAINTIFF

2. Plaintiff Shannon Spurlock is a natural person residing in Batesville, Indiana.

### III.    DEFENDANTS

3. Defendant Receivables Management Partners, LLC is a for-profit foreign limited liability company with its principal place of business in Greensburg, Indiana.

4. At all times referenced herein, Receivables Management Partners, LLC was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

5. Defendant James E. Pruett is a lawyer admitted to practice in the State of Indiana with a principal place of business in Greensburg, Indiana.

6. At all times referenced herein, James E. Pruett was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### IV.    STATEMENT OF FACTS

7. Plaintiff allegedly incurred medical debt in 2013, 2014 and 2015.

8. On or about November 8, 2016, Defendants sent Plaintiff a dunning letter.

9. A copy of the letter sent to Plaintiff is attached hereto as Exhibit A.

10. The November 8, 2016 letter was Defendants' initial communication with Plaintiff concerning the aforementioned alleged medical debt.

11. The November 8, 2016 letter states Balance Due:  $4231.96.

12. On December 21, 2016, Defendants filed a lawsuit against Plaintiff in Ripley Superior Court, captioned *Receivables Management Partners, LLC v. Shannon Spurlock,* Cause No. 69D01-1612-SC-394.

13. The Notice of Claim filed in that case is attached hereto as Exhibit B.

14. The Notice of Claim demands judgment in the amount of $5,517.00, comprised of an "unpaid principal amount of $4231.96 plus 8% interest ($1010.04) and attorney fees in the amount of $275.00."

15. The Notice of Claim states that the alleged debt is owed to Receivables Management Partners, LLC.

## V. CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act

16. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fifteen.

17. Defendants violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

    a. The November 8, 2016 letter misstates the amount of the debt because it does not include interest that had accrued to date, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692g(a)(1);

    b. The November 8, 2016 letter misstates the amount of the debt because it does not disclose that the balance may thereafter increase due to interest and fees, in violation of 15 U.S.C. §§ 1692e and 1692g(a)(1);

    c. The November 8, 2016 letter fails to clearly identify the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692e and 1692g(a)(2).

18. As a result of the violation of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for her statutory damages, costs, attorney fees and all other appropriate relief.

## B. CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and all persons similarly situated in the State of Indiana who received a dunning letter identical or similar in form to Exhibit A from one year before the date of the filing of this Class Action Complaint to the present.

20. Defendants regularly engage in debt collection using the same or similar form dunning letter as received by Plaintiff in an attempt to collect consumer debt from other persons located in the State of Indiana.

21. This lawsuit seeks a determination by the Court that the violations alleged in paragraph 17 above are indeed violations of the Fair Debt Collection Practices Act and for an award of damages as authorized by 15 U.S.C. § 1692k(a) for all similarly-situated persons.

22. The class members are so numerous that joinder is impracticable.  On information and belief, the proposed class consists of more than 35 persons.

23. Plaintiff's claims are typical of the proposed class.  Common questions of law or fact raised by this class action complaint affect all members of the proposed class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed class, and a risk that any adjudications with respect to individual members of the proposed class would, as a practical matter, either be dispositive of the interests of other members of the proposed class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

25. Plaintiff will fairly and adequately protect and represent the proposed class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the proposed class because Defendant's conduct was perpetrated on all members of the proposed class and will be established by common proof.  Moreover, Plaintiff has retained counsel with extensive experience in the Fair Debt Collection Practices Act and class action litigation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the class of all persons living in the State of Indiana who received a dunning letter identical or similar in form to Exhibit A from one year before the date of the filing of this Class Action Complaint to the present;

B. Appoint Plaintiff as Class Representative of the Class and her attorney as Class Counsel;

C. Find that Exhibit A violated the FDCPA;

D. Enter judgment in favor of Plaintiff and the Class and against Defendants for statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

E. Award Plaintiff an incentive award for her participation as Class Representative; and

F. All such additional relief as the Court deems appropriate and just.

    For Plaintiff Shannon Spurlock, individually, and all others similarly situated:

    s/ *Robert E. Duff*
    Robert E. Duff
    INDIANA CONSUMER LAW GROUP/
    THE LAW OFFICE OF ROBERT E. DUFF
    P.O. Box 7251
    Fishers, IN 46037
    Telephone: 800-817-0461
    Facsimile: 800-817-0461
    Email: robert@robertdufflaw.com