UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANNON SPURLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-00214-RLY-TAB |
| | ) | |
| RECEIVABLES MANAGEMENT | ) | |
| PARTNERS, LLC., and | ) | |
| JAMES E. PRUETT, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

On November 8, 2016, Defendant James E. Pruett, on behalf of Defendant Receivables Management Partners, LLC ("RMP"), sent a dunning letter to Plaintiff, Shannon Spurlock, in an effort to collect a medical debt. Plaintiff alleges the letter violates Section 1692e and 1692g(a)(1) of the Fair Debt Collection Practices Act ("FDCPA"). Each party has separately moved for summary judgment. The court, having read and reviewed the parties' written submissions, the designated evidence, and the applicable law, now finds summary judgment should be entered in favor of the Defendants and against the Plaintiff.

**I.    Background**

The facts of this case are undisputed.

Plaintiff incurred delinquent medical debt from Margaret Mary Community Hospital. (Filing No. 25-3, Deposition of Shannon Spurlock ("Spurlock Dep.") at 50-52). The Hospital assigned Plaintiff's debt to RMP for collection. (Filing No. 26-2, Affidavit

1

of Jamie Menkedick ¶ 4). RMP hired Pruett, an attorney, to assist in the collection of the debt. (*Id.* ¶ 6). At the time RMP referred the matter to Pruett, the Hospital alleged that Spurlock had a total outstanding balance of $4,231.96. (*Id.*).

On November 8, 2016, Pruett sent Plaintiff a dunning letter. (Filing No. 1-1, Letter; Filing No. 25-3, Affidavit of James E. Pruett ("Pruett Aff.") ¶ 7). The letter stated that the total amount owed by Plaintiff to Margaret Mary was $4,231.96. (*See* Letter). The letter accurately reflected the total amount owed on that date. (Menkedick Aff. ¶ 6).

RMP's practice is to forego interest, attorney's fees or any other charges above or beyond the outstanding balance until and unless litigation is filed. (*Id.* ¶ 8). Before RMP initiates litigation against a consumer, several criteria must be satisfied. (*Id.* ¶ 11). First, RMP must secure permission from its creditor-client to proceed with suit. Second, RMP verifies the debtor's employment. Third, RMP performs a bankruptcy scrub to ensure that the debtor has not recently filed bankruptcy. If these criteria are satisfied, and if the debtor has not paid the account, litigation is initiated no less than 35 days after the initial communication from outside counsel. (*Id.* ¶¶ 11-12).

In Plaintiff's case, these criteria were satisfied, so RMP authorized and instructed Pruett to initiate litigation against Plaintiff. (*Id.* ¶ 15). Pruett filed suit against Plaintiff in Ripley Superior Court, Small Claims Division, on December 21, 2016. (Filing No. 1-2, Small Claims Form). In the Notice of Claim, Pruett, on behalf of RMP, sought the outstanding balance of $4,231.96. In addition, Defendants also sought 8% prejudgment interest on the unpaid principal amount, totaling $1,010.04, as well as attorney's fees, and court costs. (*Id.*). This lawsuit followed.

2

## II. Summary Judgment Standard

Summary judgment is required if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the facts are undisputed, as in this case, summary judgment is particularly appropriate.

## III. Discussion

"The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices." *Bass v. Stolper, Koritzinsky, Brewster & Neider, SC,* 111 F.3d 1322, 1324 (7th Cir. 1997); *see also Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998) ("[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists."). Thus, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It also requires debt collectors to state "the amount of the debt" they are seeking to collect from the consumer. 15 U.S.C. § 1692g(a)(1). The "amount of the debt" must be stated "'clearly enough that the recipient is likely to understand it.'" *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 677 (7th Cir. 2007) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)). To ensure compliance with the Act, the court applies an objective test and looks at the letter from the perspective of an "unsophisticated consumer or debtor." *Id.* "The unsophisticated consumer is 'uninformed, naïve, [and] trusting,' but possesses 'rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses

3

reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Id.* at 678 (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Plaintiff argues the Defendants violated §§ 1692e(2)(a) and 1692g(a)(1) by failing to include the interest due in the dunning letter. Second, she argues Defendants violated § 1692e by failing to disclose that interest would continue to accrue in the future.

### A. The Amount of the Debt

Pursuant to § 1692g(a)(1), within five days of its initial communication with a consumer, a debt collector must send written notice containing, among other things, "the amount of the debt" they are seeking to collect. 15 U.S.C. § 1692g(a)(1). In addition, § 1692e(2)(A) prohibits a debt collector from falsely representing the "character, amount, or legal status of any debt." The Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction" that involves personal obligations. 15 U.S.C. § 1692a(5).

The Seventh Circuit has interpreted § 1692g(a)(1) as requiring a debt collector to "state the total amount due . . . on the date the dunning letter was sent." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872, 875-76 (7th Cir. 2000). This requirement is "designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be." *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) (emphasis in original); *see also Chuway*, 362 F.3d at 949 ("If the debt collector is only trying to collect the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance'

4

due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance.").

Plaintiff argues Defendants did not accurately state the amount of the debt in the dunning letter because the letter did not include accrued interest. Defendants maintain it had no obligation to inform her it would seek interest because, at the time the letter was sent, a lawsuit was not inevitable. Several criteria had to be met before RMP would initiate litigation, including whether the debt remained unpaid 35 days after outside counsel's initial communication with Plaintiff.

The interest sought in the Notice of Claim was statutory prejudgment interest pursuant to Indiana Code § 24-4.6-1-103, which provides that 8% interest may be included in a judgment "from the date an itemized bill shall have been rendered and payment demanded on an account stated, account closed or for money had and received for the use of another and retained without his consent." Plaintiff argues Defendants characterized the interest as "prejudgment interest" for the first time in their Reply briefs as a means to justify their actions. Furthermore, she argues, the contract at issue in this case does not provide for prejudgment interest, and Defendants have not offered evidence of an account stated, an account closed, or money had and received. Therefore, she maintains, Defendants have attempted to collect unauthorized interest in violation of § 1692f(1) of the FDCPA. *See* 15 U.S.C. § 1692f(1) (stating a debt collector may not collect interest unless it "is expressly authorized by the agreement creating the debt or permitted by law.").

As an initial matter, Plaintiff did not plead a claim for the violation of § 1692f(1). But even if she had, her claim would not prevail. The Notice of Claim alleges breach of contract. Indiana law allows Defendants to seek prejudgment interest in a breach of contract action. *See Christopher Brown, D.D.S., Inc. v. Decatur Cty. Mem'l Hosp.*, 892 N.E.2d 642, 646 (Ind. 2008) ("Indiana law also provides for the collection of interest upon sums due from a patient for unpaid hospital bills") (citing Ind. Code § 24-4.6-1-101, 103); *Nationwide Mut. Ins. Co. v. Neville*, 434 N.E.2d 585, 598 (Ind. Ct. App. 1982) ("Where the terms of the contract make the claim ascertainable, prejudgment interest is allowable at the statutory rate from the time the principal amount was demanded or due, in the absence of an express contractual provision specifying the interest rate."). Although Plaintiff does not agree with these decisions, she concedes this is the law. (*See* Filing No. 47, Plaintiff's Reply at 3 n. 7).

Having found Defendants are authorized to seek prejudgment interest in the small claims action against Plaintiff, the court finds the dunning letter accurately stated that the "balance due and owing" as of November 8, 2016, was $4,231.96. Defendants had no obligation to inform Plaintiff that *if* it were to file a lawsuit against her, it would seek prejudgment interest, court costs and/or other statutory penalties. Indeed, had they done so, they would have run afoul of the FDCPA. *See id.* at 693 ("Since Veach cannot be held liable for treble damages, court costs, or attorney's fees *until* there has been a judgment by a court, they cannot be part of the 'remaining principal balance' of a claimed debt."). Therefore, the dunning letter did not violate § 1692g(a)(1) or, for that matter, § 1692e(2)(A) of the FDCPA.

### B. Accruing Interest

Plaintiff also alleges Defendants violated § 1692e by failing to disclose that interest would continue to accrue in the future. As *Veach* teaches, there is no obligation to inform a consumer that he or she will be required to pay court costs, attorney's fees, or other statutory penalties if the case proceeds to litigation and results in a judgment. 316 F.3d at 693. Therefore, the dunning letter did not violate Section 1692e of the FDCPA.

### IV. Conclusion

The court finds, as a matter of law, that the dunning letter dated November 8, 2016, did not violate the FDCPA. Accordingly, the court **GRANTS** Defendant James E. Pruett's Motion for Summary Judgment (Filing No. 24), **GRANTS** Defendant Receivables Management Partners, LLC's Motion for Summary Judgment (Filing No. 26), and **DENIES** Plaintiff's Motion for Summary Judgment (Filing No. 35).

**SO ORDERED** this 27th day of April 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.